IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Don L. Jackson, | Civil Action No: 3:22-cv-610 |
| Plaintiff, | |
| v. | |
| StageZero Life Sciences, Inc., | |
| Defendant. | |

## COMPLAINT

1. Plaintiff, by and through undersigned counsel, brings this action against Defendant StageZero Life Sciences, Inc. ("StageZero" or "Defendant"), for unpaid wages/salary and statutory penalties due to its willful failure to compensate him in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA") N.C. Gen. Stat §§ 95-25.1 *et seq.* In support of the claims stated above, Plaintiff alleges the following:

### INTRODUCTION

2. This case implicates StageZero's continued failure to compensate Plaintiff all promised and earned wages/salary on his regular payday since April 22, 2022.

3. StageZero presented Plaintiff with an offer letter for employment on or about February 3, 2022, and Plaintiff signed the letter on February 6, 2022.

4. The offer letter provides for Plaintiff to receive an annual base salary of $140,000 before taxes and other applicable withholdings, payable bi-weekly in accordance with the company's policies and procedures.

5. Defendant has failed to pay Plaintiff his promised and earned wages/salary for all

hours worked since April 22, 2022.

6. StageZero has willfully, deliberately, and voluntarily failed to pay Plaintiff all promised and earned wages/salary on his regular pay day for all hours worked in violation of the FLSA since April 22, 2022.

7. StageZero has willfully, deliberately, and voluntarily failed to pay Plaintiff all promised and earned wages/salary on his regular pay day for all hours worked in violation of the NCWHA since April 22, 2022.

8. Plaintiff has incurred significant debt due to StageZero's continued failure to pay his promised wages/salary.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, StageZero has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. StageZero is a global, vertically integrated healthcare company whose goal is to improve outcomes for cancer and other chronic diseases through early detection and intervention.

11. Plaintiff is a full-time employee of StageZero.

12. StageZero directly or indirectly, controls, directs and supervises Plaintiff.

13. Plaintiff is a North Carolina resident.

14. The work performed by Plaintiff at issue in this case is performed primarily at his home in Cornelius, North Carolina.

15. At all times hereinafter mentioned, StageZero has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, StageZero has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

18. At all times hereinafter mentioned, Plaintiff was an individual employee and was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

19. At all times hereinafter mentioned, StageZero has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

20. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

**PARTIES**

21. Plaintiff is a natural person and currently a resident of North Carolina. Plaintiff has been employed by StageZero as its Chief Information Officer since February 21, 2022.

22. StageZero is a Virginia corporation with its principal office located at 8751 Park Central Drive, Suite 200, Richmond, VA 23227.

23. StageZero is a registered foreign entity with the North Carolina Secretary of State.

**JURISDICTION**

24. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

25. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**FACTS**

26. Since February 21, 2022, Plaintiff has been employed by StageZero as an "employee" within the meaning of 29 U.S.C. section 203(e)(1), and thus, is entitled to the rights, protections, and benefits provided under the FLSA.

27. Despite the FLSA's requirement for employees to be paid for all hours worked, StageZero has failed to pay Plaintiff his promised and earned wages/salary on his regular pay day for all hours worked since April 22, 2022.

28. Despite the NCWHA's requirement for employees to be paid for all hours worked, StageZero has failed to pay Plaintiff his promised and earned wages/salary on his regular pay day for all hours worked since April 22, 2022.

29. Plaintiff continues to incur significant financial damages to StageZero's failure to pay his promised and earned wages/salary on his regular pay day for all hours worked since April 22, 2022.

**ALLEGATIONS**
**(Violation of the FLSA)**

30. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 216(b).

31. All of the work that Plaintiff has performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff has performed.

32. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern and practice includes but is not limited to not paying Plaintiff

his promised wages/salary for his hours worked.

33. Defendant was aware, or should have been aware, that federal law prohibits Defendant from requiring Plaintiff to perform work without pay.

## ALLEGATIONS
### (Violation of the North Carolina Wage and Hour Act)

34. Plaintiff brings this action for back wages/salary and liquidated damages under N.C.Gen.Stat. §§ 95-25.6, 95-25.22, and 95-25.22(a1) ("NCWHA").

35. Plaintiff also brings this action pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, for failure to pay promised and earned wages/salary for all hours worked by Plaintiff.

36. The questions of law and fact include, but are not limited to the following:

(a) whether Defendant failed to pay Plaintiff his promised and earned wages/salary for all hours worked on his regular pay day in violation of NCWHA §§ 95-25.6;

(b) whether Defendant's refusal to pay such compensation is in violation of the NCWHA.

## COUNT I
### (Violation of the FLSA)

37. Plaintiff re-alleges and incorporates by reference the above allegations.

38. At all times relevant to this action, Defendant failed to pay Plaintiff's promised and earned wages/salary for all hours worked on his regular pay day in violation of NCWHA §§ 95-25.6.

39. Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff for all hours worked in a workweek.

40. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Due to Defendant's willful FLSA violations, Plaintiff is entitled to recover from

Defendant (1) compensation for unpaid wages/salary; (2) an additional equal amount as liquidated damages; and (3) reasonable attorneys' fees and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Violation of the North Carolina Wage and Hour Act)

42. Plaintiff re-alleges and incorporates by reference the above allegations.

43. Count II arises from Defendant's practice of suffering or permitting Plaintiff to work without paying promised and earned wages/salary for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6.

44. Defendant violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiff all promised wages/salary on his regular payday for all hours worked.

45. Defendant's violation of the NCWHA was willful.

46. Due to Defendant's willful NCWHA violations, Plaintiff is entitled to recover from Defendant (1) compensation for unpaid wages/salary; (2) an additional equal amount as liquidated damages; and (3) reasonable attorneys' fees and the costs of this action, pursuant to the NCWHA.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Enter an order finding that this Court has jurisdiction over Plaintiff's claims;

2. Enter a judgment against Defendant StageZero and in favor of the Plaintiff, under Count I in an amount equal to the total of the unpaid wages/salary due the Plaintiff under the terms of the Offer Letter, plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

3. Enter judgment against Defendant StageZero, and in favor of the Plaintiff under Count II in an amount equal to the total of the unpaid wages/salary due Plaintiff under N.C.G.S. §§ 95-25.22(a), plus an equal additional amount as liquidated damages

under N.C.G.S. § 95-25.22(a)(1) plus interest in the manner and at the rate prescribed in N.C.G.S. § 95-25.22(a);

4. Award Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), and N.C.G.S. § 95-25.22(d) against Defendant StageZero;

5. Award Plaintiff prejudgment and post judgment interest as allowed by law against Defendant StageZero;

6. Enter a Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the payment requirements of the FLSA;

7. Enter a Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with the payment requirements of the NCWHA; and

8. Grant such other relief as the Court may deem just and proper.

Dated: November 7, 2022                    Respectfully submitted,

/s/ Kirton Madison
Kirton Madison, NCSB # 43029
**MADISON LAW, PLLC**
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC 28078
Email: kmadison@madlawpllc.com