# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:22-CV-00610-SCR-UMJ

| | | |
|---|---|---|
| **DON L. JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **STAGEZERO LIFE SCIENCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Transfer (the "Motion"). (Doc. No. 13). The case was reassigned to the undersigned on December 19, 2025. Having fully considered the arguments, the record, and the applicable authority, for the reasons set forth herein, the Motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's employment with StageZero Life Sciences, Inc. ("Defendant"). (Doc. No. 5). Plaintiff is a North Carolina resident, and Defendant is a Virginia corporation with its principal office located in Richmond, Virginia. Id. ¶¶ 21-22. During the relevant time, Plaintiff was employed with Defendant working primarily from his home in Cornelius, North Carolina, and traveling to Defendant's office in Richmond, Virginia, one day per week. (Doc. No. 5-1 at 2; Doc. No. 5 ¶ 14). Plaintiff alleges Defendant failed to pay him all earned wages. (Doc. No. 5). As a result, Plaintiff filed this action on November 7, 2022, asserting claims under the Fair Labor Standards Act and the North Carolina Wage and Hour Act. (Doc. No. 1).

After Defendant failed to answer or appear, on July 5, 2023, the Clerk of Court entered a default. (Doc. Nos. 7 & 8). Plaintiff later moved for default judgment, which the Court denied without prejudice due to Plaintiff's failure to plead a sufficient basis for this Court to exercise personal jurisdiction over Defendant. (Doc. Nos. 9 & 11). The Court allowed Plaintiff 21 days to file a renewed motion or other appropriate pleading. (Doc. No. 11). After missing that 21-day deadline and taking no other action for more than two months, the Court issued a notice of lack of prosecution to Plaintiff's counsel. Plaintiff subsequently filed the instant Motion requesting the Court transfer the action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404, or alternatively, 28 U.S.C. § 1406, "[i]n light of Plaintiff's inability to establish minimum contacts between Defendant [and North Carolina]." (Doc. No. 13-1 at 1).

## II.  DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." Similarly, pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall . . . in the interest of justice, transfer such case to any district or division in which it could have been brought." In the Fourth Circuit, "[t]he analysis of whether a transfer is 'in the interest of justice' is the same under section 1404(a) as it is under section 1406(a)." Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 n.5 (4th Cir. 1993). The decision to transfer a case is within the district court's discretion "based on an 'individualized, case-by-case consideration of convenience and fairness.'" Progressive Se. Ins. Co. v. Jordans Trucking, LLC, No. 3:23-CV-00777-KDB-DCK, 2024 WL 3512819, at *2 (W.D.N.C. July 23, 2024) (quoting Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In evaluating whether to transfer a case, courts have considered the following

factors:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Progressive Se. Ins. Co., 2024 WL 3512819, at *2 (citing W.M. Barr & Co., Inc. v. Dumond, Inc., No. 322-cv-00447, 2022 WL 17576338, at *4 (W.D.N.C. Dec. 9, 2022)).

Here, several factors favor transfer to the Eastern District of Virginia. While Plaintiff initially chose this forum, he has since moved to transfer the action to the Eastern District of Viriginia. (Doc. No. 13-1 at 3). Defendant and its employees located in Richmond, Virginia, may be called as witnesses in the action and would incur costs in traveling to this District whereas only Plaintiff, who is requesting the transfer, resides in this District. See also Progressive Se. Ins. Co., 2024 WL 3512819, at *6 (finding transfer appropriate where it cured the court's lack of personal jurisdiction over individual defendants). Further, the action could have originally been brought in the Eastern District of Virginia where Defendant's principal place of business is located, and venue there appears proper based on the current record before the Court. 28 U.S.C. § 1391(b)(1) (stating venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

For these reasons, the interest of justice warrants transferring this action to the Eastern District of Virginia. Rags to Royals v. Rags 2 Royalty Rescue, Inc., No. 1:18-CV-00034, 2019 WL 914132, at *4 (W.D.N.C. Feb. 25, 2019) (finding the interest of justice favors transferring the action and noting that transfer "is generally considered to be more in the interest of justice than

dismissal . . . particularly where it appears that venue may be properly laid in the proposed transferee district.").

### III. ORDER

For the foregoing reasons, it is **HEREBY ORDERED** that Plaintiff's Motion to Transfer (Doc. No. 13) is **GRANTED**. The Clerk is directed to transfer this action to the United States District Court for the Eastern District of Virginia.

**SO ORDERED**.

Signed: March 16, 2026

Susan C. Rodriguez
United States District Judge